# EXHIBIT A

ELECTRONICALLY FILED
2023 Jun 08 3:14 PM
CLERK OF COURT - CIRCUIT

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. _____

⊙ Lawsuit
◯ Divorce

Ad Damnum $ _____

| JOSE FLORES and MARGARITAS GROUP | | SYSCO MEMPHIS, LLC |
|---|---|---|
| | VS | |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

Sysco Memphis, LLC
Registered Agent: Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203

Method of Service:

⊙ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
◯ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on William Wooten                         Plaintiff's

attorney, whose address is 120 Court Square East, Covington, TN 38019

telephone 901-475-1050                       within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____     By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20___

JAMITA SWEARENGEN , Clerk / W. AARON HALL, Clerk and Master     By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT  I **HAVE**  SERVED THE WITHIN  SUMMONS:

By delivering on the _____day of _____, 20_____at _____M. a copy  of the summons

and a copy of the Complaint to the following Defendant _____

at _____


_____          By: _____
Signature of person accepting service                                            Sheriff or other authorized person to serve process


### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT  I **HAVE  NOT**  SERVED THE WITHIN  SUMMONS:

To the named Defendant _____

because _____is (are) not to be found in this County after diligent search and inquiry for the following

reason(s):  _____

This _____day of _____, 20_____.


                                                                                 By: _____
                                                                                       Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**          JOSE FLORES VS SYSCO MEMPHIS LLC

**Case Number:**     CT-2269-23

**Type:**                   SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 06/08/2023 03:20:20 PM

ELECTRONICALLY FILED
2023 Jun 08 3:14 PM
CLERK OF COURT - CIRCUIT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| **JOES FLORES and MARGARITAS GROUP,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. _____** |
| **v.** | ) | **JURY DEMANDED** |
| | ) | |
| **SYSCO MEMPHIS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW the Plaintiffs, Jose Flores (hereinafter "Mr. Flores") and Margaritas Group (hereinafter collectively referred to as "Plaintiffs"), by and through counsel, and brings forth this Complaint against Defendant Sysco Memphis LLC ("Defendant"), as states as follows:

### PARTIES, JURISDICTION AND VENUE

1.  Plaintiff, Jose Flores, is a resident of Shelby County, Tennessee.

2.  Plaintiff, Margaritas Group, is a conglomerate of Margaritas restaurants and other like Mexican restaurants owned and operated by Jose Flores and his companies. Margaritas Group is the firm referred to in the Customer Inventive Agreement referred to herein.

3.  Defendant, Sysco Memphis, LLC ("Sysco") is a Delaware limited liability company formed and operating under the laws of the State of Delaware.  Defendant has a principal place of business located at 4359 BF Goodrich Boulevard, Memphis, Tennessee 38118. Defendant has a mailing address of 1390 Enclave Parkway, Houston, Texas 77077. Defendant may be served with process through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

4. Jurisdiction is proper in this court pursuant to Tenn. Code Ann. § 16-15-501 in that this is a civil matter where the code will allow the exercise of authority and will extend it throughout the county.

5. Venue in this court is proper pursuant to Tenn. Code Ann. § 20-4-101 in that a substantial part of the events that created the cause of action occurred in Memphis, Shelby County, Tennessee.

## FACTUAL BACKGROUND

6. Margaritas Group is a group of Mexican restaurants operated throughout the Mid-South.

7. These restaurants are owned and operated by Jose Flores.

8. In order to operate the business, Mr. Flores would purchase large volumes of food and food-related products on a weekly basis.

9. Around early 2021, Mr. Flores spoke with Defendant Sysco Memphis, LLC's representative, Bill Gidden, about these frequent and high purchases.

10. Around early 2021, during these conversations with Mr. Gidden, it was brought to Mr. Flores' attention that Sysco could extend an Incentive program due to the high amount of purchases made weekly.

11. Mr. Flores was purchasing from other competitors of Defendant Sysco Memphis, LLC. Mr. Giddens, wanting to obtain Margaritas Group and Mr. Flores' business, offered an Incentive program to Mr. Flores. Mr. Flores was received rebates and incentives of approx. 5% from Defendant's competitors. Mr. Flores explained to Mr. Giddens he would need a rebate of 7% in order to move his business.

12. Based on this negotiation and Mr. Giddens' promises as a representative of the Defendant, Mr. Flores and Mr. Giddens in Spring of 2022 agreed Defendant Sysco

Memphis, LLC would provide Mr. Flores and Margaritas Group with a 7% rebate incentive on all purchases with Defendant Sysco Memphis, LLC to be paid on a quarterly basis.

13. Approximately 18 months after the original deal on or about August of 2022, Mr. Giddens approached Mr. Flores and explained Sysco could not pay the 7% rebate Incentive plan as agreed.  Mr. Flores informed Mr. Giddens he expected to receive the agreed 7% but he would consider a renegotiated deal to keep the relationship.

14. During these initial conversations, Mr. Gidden provided Mr. Flores with a copy of the "Customer Inventive Agreement" for Mr. Flores' review.  **See Attached Exhibit A.**

15. After reviewing the Agreement and in an attempt to salvage the business relationship, Mr. Flores renegotiated with Mr. Gidden regarding the allowance percentage and agreed to a 5% rebate incentive moving forward per the attached Exhibit A.  Mr. Flores expected to receive the 7% per the original agreement until the new agreement was signed by both parties in August of 2022.

16. Ultimately, Mr. Flores signed this agreement on August 5, 2022.

17. Based upon the representation of Mr. Gidden and other Sysco representatives, Mr. Flores relied on the representations that the seven percent (7%) allowance would be provided for the purchases until the renegotiated terms per the signed Agreement.

18. Upon information and belief, the seven percent (7%) allowance would function as a percentage rebate provided to Plaintiffs after their purchases were made on a quarterly basis as an incentive for moving the business to Sysco.

19. As of the present, not only has Sysco failed to provide Plaintiff with the proper seven percent (7%) allowance, but Sysco has failed to provide proper accounting or paid the agreed upon percentages.

20. Additionally, not only has Sysco failed to provide Plaintiffs with the agreed upon seven percent (7%) allowance, but Sysco has also failed to provide Plaintiffs with the contractually and expressly obligated five percent (5%) allowance and proper accounting since August 2022.

21. Plaintiffs seek an accounting of all orders with Defendant to determine the correct amount of rebate incentive owed to Plaintiff per the agreements,

22. Due to the breaches and wrongful actions of Sysco, Plaintiffs are entitled to an amount to be determined by a jury of their peers.

## CAUSES OF ACTION

### CAUSE NO, 1 – BREACH OF CONTRACT/UNJUST ENRICHMENT

23. All the previous allegations in this Complaint are incorporated as if the same were set forth and re-alleged in their entirety.

24. At all times relevant hereto, Plaintiffs have fully and properly performed all of its obligations pursuant to the agreements with Defendant.

25. Defendant has materially breached its agreements with Plaintiffs as a result of failing and refusing to pay the proper rebate incentive percentage amounts and negotiated between the Parties, in amount to be proven at trial.

26. As a result of Plaintiffs purchasing a large volume of food and food product from Defendant, Plaintiffs have provided substantial benefit and value to Defendant.

27. Plaintiffs aver that Defendant has received substantial benefit from the large food and food product purchases due to the receipt of the funds, all while failing to provide back to Plaintiffs the agreed-upon allowance percentage as a rebate incentive.

28. Due to Defendant's actions in violation of the agreements, Plaintiffs are entitled to the agreed rebate incentive percentages, interest, late fees, attorney's fees, and other legal expenses in accordance with the terms and conditions of the agreements and as allowed under the law.

29. Plaintiffs have suffered damages as a result of Defendant's material breached of the agreements and unjust enrichment in an amount to be proven at trial, which is due to Plaintiffs from Defendant to prevent a windfall to Defendant.

## COUNT II – NEGLIGENT MISREPRESENTATION

30. All the previous allegations in this Complaint are incorporated as if the same were set forth and re-alleged in their entirety.

31. Defendant made representations of material facts that they knew to be false concerning the agreements for the allowance percentages and rebate payments to Plaintiffs.

32. The misrepresentations include statements that Defendant would pay Plaintiffs a set allowance percentage and they desired for Plaintiffs to be purchasers of Defendant's food and food products in order to have Plaintiffs move their business from Defendant's competitors.

33. The false representations of material facts made to Plaintiffs by Defendant for the purpose of inducing Plaintiffs to contract with Defendant for the purchase of food and food products were made negligent, recklessly, and/or intentionally without regard for the truth of the facts asserted.

34. As the direct and proximate result of each and every misrepresentation of material fact made to Plaintiffs by Defendant, Plaintiffs have sustained damages as set forth herein for which damages Plaintiffs are entitled to record in such amount as shall be determined at trial.

## COUNT III – PROMISSORY FRAUD

35. All the previous allegations in this Complaint are incorporated as if the same were set forth and re-alleged in their entirety.

36. Defendant, at the time the agreements, both oral and written, were executed and throughout the time where the conduct performed by Plaintiffs complied with the agreements, negligently or intentionally misrepresented to Plaintiffs the allowance percentage return Defendant would provide to Plaintiffs for their large food and food product purchased, among other misrepresentations as listed in Count II and throughout this Complaint.

37. Upon information and belief, Defendant agreed with Plaintiffs that they would provide seven percent (7%) rebate incentive for all purchases made with Defendant to be paid quarterly.

38. Defendant falsely represented to Plaintiffs that Defendant would provide this rebate incentive in accordance with the written agreement, verbal agreement, and promises amongst the Parties and Defendants' representatives.

39. Plaintiffs relied on these representatives to their detriment.

40. Defendant instead not only failed to provide the agreed upon seven percent (7%) allowance rate, but failed to make payments on the express five percent (5%) allowance

rate noted in the Customer Incentive Agreement, acting deceptively in their actions and failing to deliver upon their express promises.

41. Plaintiffs relied on these representations to their detriment, and as a result of Defendant's actions and/or omissions, Plaintiffs have lost severe financial allowance returns, incurred further financial damages, lost additional costs, lost opportunities, attorney's fees, interest, Court costs and other damages.

## COUNT IV – PROMISSORY ESTOPPEL

42. All the previous allegations in this Complaint are incorporated as if the same were set forth and re-alleged in their entirety.

43. Defendant, through its' representatives, promised and assured Plaintiffs that Plaintiffs would receive a seven percent (7%) allowance and receive this rebate incentive for the restaurants' large purchases of food and food products.

44. Based upon Defendant's representatives' promises, Plaintiffs reasonably accepted the Defendant's promises/assurance and began and continued to make food and food product purchases through Defendant.

45. Due to Defendant's misrepresentations and failure to provide repayment on the allowance terms, Plaintiff has been unfairly punished and lost valuable costs and expenses, lost income, business opportunities, attorney's fees, and other damages.

46. It was reasonably foreseeable to Defendant that Plaintiffs would rely upon its promises and that such reliance would be to their detriment.

47. Due to Plaintiffs' reasonable reliance and the Defendant's promise/assurance, Plaintiff has suffered severe economic damages to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray:

1. That a copy of this Complaint be served upon Defendant and that Defendant be required to file its Answer within thirty (30) days of the date of service thereof;

2. That the Court adjudge that Defendant breached their agreements with Plaintiffs;

3. That the Court adjudge that Defendant was unjustly enriched in its contractual relationship with Plaintiffs;

4. That Plaintiffs have and recover judgment from Defendant alleged herein as punitive damages for the wrongful actions;

5. That Plaintiffs have and recover judgment from the Defendant alleged herein as compensatory damages resulting from Defendant's breaches of agreements, misrepresentations, and fraudulent promises and inducements and other wrongful acts of the Defendant and for attorney and collection fees and statutory interest not to exceed $2,000,000;

6. That the Plaintiffs have and recover judgment from Defendant for punitive damages resulting from the Defendant's willful and intentional conduct and misrepresentations in an amount to be determined by a jury not to exceed $4,000,000;

7. Plaintiffs be awarded pre-judgment and post-judgment interest on such amounts;

8. Plaintiffs be awarded reasonable attorney's fees, litigation expenses, expert fees and court costs;

9. Plaintiffs be allowed to amend the *ad damnum*;

10. Plaintiffs be awarded such further and general relief to which they may be entitled.

Respectfully submitted,

WOOTEN LAW OFFICE

William A. Wooten (BPR #026674)
Nicholas F. House (BPR #038959)
120 Court Square East
Covington, Tennessee 38019
(901) 475-1050
(901) 234-0028/facsimile
William@wootenlawoffice.com
Nick@wootenlawoffice.com

*Counsel for Plaintiff*

We acknowledge ourselves as sureties for the costs of this cause not to exceed One Thousand Dollars ($1,000.00)

Wooten Law Office

ELECTRONICALLY FILED
2023 Jun 08 3:14 PM
CLERK OF COURT - CIRCUIT

## Customer Incentive Agreement

This Customer Incentive Agreement (this "*Agreement*"), between Sysco Memphis, LLC ("*Sysco*" or "*we*"), and Margaritas Group (014-840206/Margaritas, 014-839849/Las Margaritas, 014-839795/Margaritas Downtown, 014-839797/Margaritas Covington, 014-839854/Margaritas Millington, 014-839778/Margaritas Munford, 014-839794/Margaritas of Cordova, Inc, 014-839802/El Presidente, 014-839853/El Cancun, 014-839807/Las Margaritas of Oakland Inc, 014-869431/Jose's Mexican Street Tacos, 014-870302/Margaritas of Collierville, 014-871952/Margaritas Bolivar) ("*Customer*" or "*you*") is dated March 1, 2022 (the "*Effective Date*").

Sysco wishes to provide you with the incentives contained in this Agreement (the "*Incentives*") to do business with Sysco and you wish to receive Incentives, all under the terms and conditions of this Agreement.

1.      Sysco will extend to you the Incentives to do business with Sysco for a 12-month period from the Effective Date (the "*Incentive Period*"). This Agreement may be terminated by either party with 30 days' prior written notice to the other party. Incentives will be paid in the form of a check to Customer and will only be paid on invoices that have been paid in accordance with Customer's payment terms and if the Customer is current on its payments.

2.      Sysco will offer an average weekly purchase incentive allowance ("*Average Weekly Purchase Incentive*") as provided in the schedule below. You will be qualified for the bracket allowance based on the average weekly purchases, calculated on the basis of all deliveries to you over a period of each quarter. Sales of bag-in-box products from Coca Cola North America and Pepsi Cola Company, and products from Ecolab, Inc. will count toward determining the average weekly purchases, but no allowances will be paid on those sales. The dollar amount of the Average Weekly Purchase Incentive is equal to the applicable percentage, multiplied by the total sale prices of products eligible for the Average Weekly Purchase Incentive delivered during such period. The Average Weekly Purchase Incentive will only be paid on invoices that have been paid in accordance with your payment terms.

| Average Weekly Purchases* | Allowance |
|---|---|
| $50,000.00 or more | 5.00% |

3.      You agree to keep confidential and not disclose to anyone the existence of this Agreement and the Incentives as well as all terms and conditions of this Agreement. This obligation will survive the termination of this Agreement.

4.      This Agreement is supplemental to any other agreements between Customer and Sysco, including without limitation the Credit Application you have on file with Sysco.

**SYSCO**
**Sysco Memphis, LLC**

By: _____
Printed: _____
Title: _____
Date: _____

**CUSTOMER**
**Margaritas Group**

By: *(Jose Flores)*
Printed: *Jose Flores*
Title: *Owner*
Date: *8-5-22*

460013_1



# Certificate of Electronic Notification

| Recipients |
| --- |
| **NICHOLAS HOUSE**  - Notification received on 2023-08-22 13:10:31.44. |
| **WILLIAM WOOTEN**  - Notification received on 2023-08-22 13:10:31.065. |

<span style="color:red">***** IMPORTANT NOTICE - READ THIS INFORMATION *****</span>

<span style="color:red">NOTICE OF ELECTRONIC FILING [NEF]</span>

–

**A filing has been submitted to the court RE:** CT-2269-23

**Judge:**

Judge HONORABLE YOLANDA R KIGHT - Division

| | |
|---|---|
| **Official File Stamp:** | 08-22-2023:10:11:48 |
| **Notification Date:** | 08-22-2023:13:10:30 |
| **Court:** | CIRCUIT COURT |
| **Case Title:** | JOSE FLORES VS SYSCO MEMPHIS LLC |
| **Document(s) Submitted:** | SERVICE COMPLETE - PPS/OTHER RETURN OF SERVICE- SYSCO MEMPHIS LLC |
| **Filed By:** | William Allen Wooten |

You may review this filing by clicking on the following link to take you to your cases.

This notice was automatically generated by the courts auto-notification system.

–

**The following people were notified electronically:**

WILLIAM A WOOTEN for MARGARITAS GROUP, JOSE FLORES

NICHOLAS FRANCISCO HOUSE for MARGARITAS GROUP, JOSE FLORES

**The following people have NOT been notified electronically by the Court:**

HONORABLE YOLANDA R KIGHT

**Address:** HONORABLE YOLANDA R KIGHT

140 Adams Ave

Memphis, TN 38103

DIVISION NINE

SYSCO MEMPHIS, LLC

**Address:**         SYSCO MEMPHIS, LLC

4359 BF GOODRICH BLVD

MEMPHIS, TN 38118

ELECTRONICALLY FILED
2023 Aug 22 10:11 AM
CLERK OF COURT - CIRCUIT



**USPS TRACKING #**

NASHVILLE TN 370

9400 0112 0820 3214 2555 48

First-Class Mail
Postage & Fees Paid
USPS
Permit No.G-10

Flores
Sysco

**UNITED STATES
POSTAL SERVICE**

PS Form 3811 Facsimile, July 2015 (SDC 3930)

William Wooten
Wooten Law Office
121 Court Square East
Covington TN 38019-2507

Ensure items 1, 2, and 3 are completed.

Attach this card to the back of the mailpiece, or on the front if space permits.

X

B. Received By: (Printed Name)

C. Date of Delivery

8-8-23

. Article Addressed to:

Corporation Service Compan
2908 Poston Ave
Nashville TN 37203-1309

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:            ☐ No

3. Service Type

☑ Certified Mail®

9490 9112 0620 3214 2503 43

. Article Number (Transfer from service label)
9402 7112 0620 3214 2503 99

S Form 3811 Facsimile, July 2015 (SDC 3930)

Domestic Return Receipt

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2023 Jun 08 3:14 PM
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

Docket No. _____

◉ Lawsuit
◯ Divorce

Ad Damnum $ _____

JOSE FLORES and MARGARITAS GROUP

VS

SYSCO MEMPHIS, LLC

Plaintiff(s)                                                                 Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

Sysco Memphis, LLC
Registered Agent: Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203

Method of Service:

◉ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
◯ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on William Wooten                               Plaintiff's

attorney, whose address is  120 Court Square East, Covington, TN 38019

telephone 901-475-1050           within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____  By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20___

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master      By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the ___8th___ day of ___August___, 20 _23_ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant ___Sysco Memphis LLC___

at ___via certified mail, signature required.___

___see attached green card___                    By: ___A. Mckinley___

Signature of person accepting service          Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20 _____.

By: _____

Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**      JOSE FLORES VS SYSCO MEMPHIS LLC

**Case Number:**    CT-2269-23

**Type:**          SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 06/08/2023 03:20:20 PM